OBDULIO AMARAL SUÁREZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD INTERINO DE HUMACAO, recurrido.

Número 1325.
*Sometido:* 24 de enero de 1955. *Resuelto:* 31 de enero de 1955.

*Cruz Ortiz Stella,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del tribunal.

La Ordenanza número 12 del 24 de agosto de 1949 del Municipio de Humacao clasifica los solares propiedad del municipio en tres zonas y establece una valoración por metro

cuadrado para cada una de dichas zonas de $2.00, 75¢ y 25¢ respectivamente. La Ley núm. 61, Leyes de Puerto Rico, 1954, (pág. 335), enmendatoria del art. 70 de la Ley Municipal, dispone en parte como sigue:

"Todo concesionario de un solar edificado en virtud de concesión anterior, que interesare obtener la propiedad definitiva del solar cedídole, la podrá adquirir sin necesidad de subasta; y la Asamblea Municipal podrá así resolverlo por medio de ordenanza en que por cada zona urbanizada se fije el tipo a que deben ser vendidos los referidos solares, debiéndose tomar en cuenta al adoptar la ordenanza las zonas en que han sido divididos los solares y el valor que se fijó a éstos en la última tasación de la propiedad practicada por el Negociado de la Tasación Científica del Departamento de Hacienda."

La Resolución núm. 5 del 20 de septiembre de 1954 de la Asamblea Municipal de Humacao, después de llamar la atención hacia la Ley núm. 61 y la Ordenanza núm. 12, dispuso que la Asamblea Municipal era de opinión que "teniendo en cuenta la valoración de los solares·de este Municipio hecha por la División de Tasación Científica del Departamento de Hacienda", los precios fijados en la Ordenanza núm. 12 de 1949 eran razonables. La Resolución núm. 5 también indicó· que la venta de solares municipales a los usufructuarios de los mismos era beneficiosa a los municipios ya que éstos recibían el precio de venta y luego recibirían su participación en las contribuciones impuestas a los mismos. De conformidad con esto, la Resolución núm. 5 "dejó subsistentes" a los fines de la venta de solares municipales los precios fijados en la Ordenanza núm. 12 y autorizó al alcalde a venderlos a dichos precios. La Resolución núm. 5 también dispuso que la misma empezaría a regir inmediatamente después de su aprobación retrotrayéndose sus efectos al 16 de junio de 1954. (La Ley núm. 61 también empezó a regir el 16 de junio de 1954.)

Por escritura de fecha 23 de agosto de 1954 el municipio vendió al recurrente un solar, que éste tenía en usufructo, a razón de $2.00 el metro cuadrado de conformidad con las valoraciones fijadas en la Ordenanza núm. 12 de 1949 las cua-

les, como hemos visto, fueron ratificadas por la Resolución núm. 5 del 20 de septiembre de 1954, con efectividad al 16 de junio de 1954. El registrador se negó a inscribir esta escritura por el fundamento de que " . . . el precio de la venta de dicho solar lo dispuso la Asamblea Municipal de Humacao, sin ajustarse a lo dispuesto por la Ley núm. 61 aprobada el 16 de junio de 1954 por la Asamblea Legislativa de Puerto Rico que dispone que al fijar el precio de venta de solares municipales, se tendrá en cuenta el valor fijado a los mismos por la División de Tasación Científica del Departamento de Hacienda . . .". El recurrente ha interpuesto este recurso gubernativo contra la nota del registrador.

Aparentemente el Registrador opina que la frase "debiéndose tomar en cuenta" que aparece en el art. 70, según fué enmendado por la Ley núm. 61, inexorablemente exige que el Municipio venda los solares a los usufructuarios a precios que no sean menores que los valores de tasación de los mismos fijados por el Negociado de Tasación Científica. Suponemos, sin decidirlo, que el registrador tenía derecho a examinar esta cuestión y que actuó correctamente al obtener y acompañar a su alegato ante este Tribunal una certificación de dicho Negociado al efecto de que el solar en cuestión se había tasado en $6.40 el metro cuadrado. Sin embargo, no estamos de acuerdo en que la disposición estatutaria en cuestión le prohibía al Municipio venderle un solar a un usufructuario a un precio menor que el valor de la tasación. Por el contrario, el historial legislativo de la Ley núm. 61 demuestra que a este respecto dicha disposición fué meramente directiva y que a lo sumo el Municipio venía obligado a tomar en consideración el valor de tasación al fijar a iniciativa propia el precio de venta actual de los solares para los usufructuarios de éstos.(¹)   Y

_____

(¹) Durante el debate sobre una moción para que se eliminara la frase "debiéndose tomar en cuenta" del P. del S. 414, que vino a ser la Ley núm. 61, el Senador Ortiz Stella, Presidente de la Comisión que consideró e informó el mismo, dijo lo siguiente:

". . . Cuando se discutía este proyecto en la Comisión, no sé si fué el compañero Fernández Méndez, que es miembro de ella, quien preguntó cómo

toda vez que la Resolución núm. 5 afirmativamente dice que se tomó en cuenta el valor de tasación al fijar el precio de venta del solar aquí envuelto, la Asamblea Municipal cumplió con el art. 70 según fué enmendado por la Ley núm. 61 en la venta de este solar al aquí recurrente.

El hecho de que el solar fué vendido por una suma menor que el valor de tasación no es de la incumbencia del Registrador ni de este Tribunal. Sin embargo, en justicia al Municipio debemos indicar que, según se dice en la Resolución núm. 5, la venta de un solar a una persona que ya tiene sobre el mismo un derecho de usufructo a perpetuidad, redunda en un claro beneficio al municipio ya que engrosa las arcas del municipio y la propiedad vuelve a las listas contributivas.

*La decisión del registrador será revocada y se le ordenará que inscriba la escritura aquí envuelta.*

era que había que interpretar esta frase, esta oración que el compañero quiere eliminar. Y entonces, se dijo que eso era solamente directivo. Que tomara en cuenta la Asamblea Municipal la tasación científica en la venta del solar, pero que podía venderlo al precio que quisiera.

"Entonces, recuerdo más,—y esto lo había olvidado—recuerdo que la Comisión me llamó la atención de que hiciera constar eso en el informe o se dijera aquí en el récord. Y entonces, cumpliendo con ese acuerdo de la Comisión,—estaba, me parece que también presente el compañero Susoni—yo quiero decir que la interpretación que le da la Comisión de lo Jurídico Civil, a la frase . . . Que la frase que quiere eliminar, yo quiero decir ahora, a nombre del Comité, que el sentido, que la interpretación que la Comisión le da a esa frase, es meramente en un sentido directivo. Que la asamblea municipal puede vender el solar al precio que quiera, pero que debe tomar en cuenta, a los efectos de esa venta, la tasación científica." *Diario de Sesiones, Asamblea Legislativa, Sesión Ordinaria,* 1954, Vol. IV, Tomo II, págs. 901–2.

Para las manifestaciones de los Senadores Fernández Méndez y García Méndez a este mismo efecto, id., pág. 900.