MIGUEL RUIZ VÁZQUEZ, recurrente, *v.* REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

*Número:* 1385. *Resuelto:* 21 de diciembre de 1961.

*Celestino Domínguez Rubio,* abogado del recurrente; *El Registrador* no compareció para sostener la nota denegatoria.

SENTENCIA

San Juan, Puerto Rico, a 21 de diciembre de 1961

El artículo 70 de la Ley Municipal de 1928, según enmendado por la Ley Núm. 61 de 16 de junio de 1954, 21 L.P.R.A. (Supl. 1959) sec. 262.[1] disponía en su párrafo noveno que "Todo concesionario de un solar edificado en virtud de concesión anterior, que interesare obtener la propiedad definitiva del solar cedídole, la podrá adquirir sin necesidad de subasta; y la asamblea municipal podrá así resolverlo por medio de ordenanza en que por cada zona urbanizada se fije el tipo a que deben ser vendidos los referidos solares, debiéndose tomar en cuenta al adoptar la ordenanza las zonas en que han sido divididos los solares y el valor que se fijó a éstos en la última tasación de la propiedad practicada por el Negociado de la Tasación Científica del Departamento de Hacienda."

La Asamblea Municipal de Patillas autorizó la venta al recurrente de un solar sito en la Calle Nueva de dicha población en el cual enclava una edificación propiedad de éste. En la ordenanza aprobada al efecto—Núm. 5 de la Serie de 1958–1959—se fijó un precio de $155.00. Otorgada la escritura correspondiente, se presentó copia certificada en el Registro de la Propiedad de Guayama, con copia de la referida ordenanza y de la Núm. 21 de la misma serie mediante la cual, en forma general, la asamblea dispuso la venta de cualquier solar municipal al usufructuario que tuviere una edificación en el mismo por un precio equivalente a la cuarta parte de la valoración de dicho solar para fines contributivos. Se obtuvo la aprobación de la Junta de Planificación.

---

[1] La Ley Municipal de 1960 contiene una disposición similar: artículo 98 de la Ley Núm. 142 de 21 de julio de 1960, pág. 526, 21 L.P.R.A. sec. 1651.

El Registrador denegó la inscripción (²) por nota que copiada literalmente dice:

"DENEGADA la inscripción de este documento, con vista de otros complementarios, al folio 169 vto., del tomo 72 de Patillas, finca Núm. 4013, Anotación letra A, por observarse que no se acompaña ordenanza alguna aprobada por la Honorable Asamblea Municipal de Patillas en la que se establezcan las distintas zonas urbanas y en la que por cada zona urbanizada se fije el tipo a que deben ser vendidos los solares propiedad de dicha Municipalidad y de la que resulte haberse tomado en cuenta las zonas en que han sido divididos los solares y el valor que se fijó a éstos en la última tasación de la propiedad practicada por el Departamento de Hacienda Estatal lo que constituye requisito previo para la venta efectuada, todo ello con arreglo al párrafo noveno del artículo 70 de la vigente ley municipal, según enmendada por la ley Núm. 61 de 16 de junio de 1954 no siendo suficientes a tales fines y siendo contrarias a la ley las ordenanzas que se acompañan como complementarios a éste, o sean las Núms. 5 y 21, de 26 de Sept. de 1958 y 23 de enero de 1959, respectivamente habiéndose tomado en su lugar anotación preventiva por el término legal de 120 días a favor de don Miguel Ruiz Vázquez de su título de compra, al folio y tomo indicados. Dicha finca se halla libre de cargos. Guayama, a 8 de abril de 1960. (fdo.) Tomás Bernardini, Registrador."

La clasificación en zonas a que alude el artículo transcrito responde claramente a la necesidad de fijar un precio uniforme para los situados en determinada zona. En *Amaral* v. *Registrador*, 77 D.P.R. 921 (1955) resolvimos que un municipio puede vender sus solares a los usufructuarios por un precio menor que el de la tasación contributiva, y que la frase "debiéndose tomar en cuenta" tal tasación contenida en el artículo 70 es meramente directiva, viniendo el municipio obligado meramente a tomarlo en consideración al fijar el precio. Para la inscripción del solar adquirido por el recurrente no era necesario acreditar la división previa de la población en zonas. Bastaba con que de la orde-

(²) El Registrador recurrido no radicó alegato para sostener la nota denegatoria.

nanza autorizando la venta apareciera el precio autorizado y que se había considerado la tasación oficial. No debemos olvidar que esta legislación debe interpretarse en forma tal que se logren sus propósitos de facilitar la adquisición de los solares por aquellos que son dueños de las edificaciones que en los mismos enclavan. Además, tratándose de un comprador que tiene un derecho de usufructo a perpetuidad, el municipio recibe un claro beneficio ya que el solar queda inmatriculado para fines contributivos y se perciben mayores ingresos.

*Se revoca la nota recurrida y se ordena la inscripción de la venta efectuada a favor del recurrente mediante la escritura Núm. 211 de 15 de julio de 1959 ante el Notario Luis Domínguez Rovira.*

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente.